UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

RALPH B. NEAL,

        Plaintiff,

    v.

SELECT PORTFOLIO SERVICING, INC., et al.,

        Defendants.

Case No. 5:17-cv-06471-EJD

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Re: Dkt. No. 12

      This is the third case initiated by Plaintiff Ralph B. Neal concerning residential property located on Calco Creek Drive in San Jose.[1]  The first two cases ended in defense judgments after all of the causes of action were dismissed without leave to amend.  Defendants U.S. Bank NA, "Successor Trustee to Bank of America, NA, Successor in interet to La Salle Bank, NA, as Trustee on Behalf of the Holders of the WaMu Mortgage Pass-Through Certificates, Series 2007-OA6" and Select Portfolio Servicing, Inc. (collectively, "Defendants") now seek the same result in this case and move to dismiss all causes of action asserted in the Complaint.  Dkt. No. 12.  Plaintiff opposes the motion.

      Since this matter is suitable for decision without oral argument, the motion hearing scheduled for February 22, 2018, will be vacated.  Civ. L.R. 7-1(b).  Defendants have shown that

---

[1] The other two cases are Neal v. Select Portfolio Servicing, Inc., Case No. 5:15-cv-03212-EJD ("Neal I"), and Neal v. Select Portfolio Servicing, Inc., Case No. 5:16-cv-04923-EJD ("Neal II").  The court takes judicial notice of the pleadings filed in these actions.  See Fed. R. Evid. 201(b) (providing that the court "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); see also Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (holding the court "may take judicial notice of court filings and other matters of public record").

this action, like its predecessors, suffers from deficiencies rendering it incapable of proceeding further.  The Motion to Dismiss will therefore be granted, and all causes of action will be dismissed without leave to amend, for the reasons explained below.

## I.    BACKGROUND

The allegations in this Complaint largely track those asserted in <u>Neal I</u> and <u>Neal II</u>. Plaintiff is the trustor of a Deed of Trust ("DOT") recorded on or about May 25, 2007, against the Calco Creek property.  Compl., Dkt. No. 1, at ¶ 1.

The original lender on the DOT was Washington Mutual, FA, and the original trustee was California Reconveyance Company.  <u>Id</u>. at ¶ 11.  Plaintiff alleges on information and belief that "the business models of Washington Mutual were so deceptive as they would extend ARM and interest only loans with the purpose of immediately selling pools of loans to the securities market with fraudulent intent to foreclose on many homeowners."  <u>Id</u>. at ¶ 12.

After Washington Mutual filed for bankruptcy and was closed, its assets and liabilities were "purportedly" purchased by JP Morgan Chase.  <u>Id</u>. at ¶ 13.  Plaintiff alleges that subsequent to the acquisition by JP Morgan, "many questionable transfers, and alleged assignments" were made on loans originated by Washington Mutual, "which may or may not include the subject loan."  <u>Id</u>. at ¶ 14.  Plaintiff further alleges that "due to the chain of assignments, it now unknown and doubtful who is the current lender/beneficiary/assignee with legal authority and standing regarding the mortgage on the subject property."  <u>Id</u>.

Plaintiff "categorically" denies and disputes the alleged ownership of the loan by U.S. Bank.  <u>Id</u>. at ¶ 23.  He also alleges SPS cannot be the "legal" servicer of the loan, "as there is no valid principal-agent relationship that can be shown and determined."  <u>Id</u>.

Plaintiff filed the Complaint in October, 2017, in Santa Clara County Superior Court.  He asserts the following causes of action: (1) "Interference of Contractual Relations," (2) "Void Links of Contractual Assignments," (3) "Void Recordation of Foreclosure Documents," (4) "Declaratory Relief on Purchase and Assumption Agreement," (5) intentional misrepresentation, and (6) constructive fraud.  Defendants removed the case to this court on November 7, 2017.  The instant

United States District Court
Northern District of California

motion followed.

## II.   LEGAL STANDARD

### A.   Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss under Rule 12(b)(1) challenges subject matter jurisdiction, and may be either facial or factual.  Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).  A facial Rule 12(b)(1) motion involves an inquiry confined to the allegations in the complaint.  Thus, it functions like a limited-issue motion under Rule 12(b)(6); all material allegations in the complaint are assumed true, and the court must determine whether lack of federal jurisdiction appears from the face of the complaint itself.  Thornhill Publ'g Co. v. General Tel. Elec., 594 F.2d 730, 733 (9th Cir. 1979).

### B.   Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted).  The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face."  Id. at 556-57.  A complaint that falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."  Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

When deciding whether to grant a motion to dismiss, the court must generally accept as true all "well-pleaded factual allegations."  Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009).  The court must also construe the alleged facts in the light most favorable to the plaintiff.  See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014) (providing the court must "draw all reasonable inferences in favor of the nonmoving party" for a Rule 12(b)(6) motion).  However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation."  Iqbal, 556 U.S. at 678.

Also, the court usually does not consider any material beyond the pleadings for a Rule 12(b)(6) analysis. <u>Hal Roach Studios, Inc. v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). Exceptions to this rule include material submitted as part of the complaint or relied upon in the complaint, and material subject to judicial notice. <u>See</u> <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688-69 (9th Cir. 2001).

### C. Pro Se Pleadings

Where, as here, the pleading at issue is filed by a plaintiff proceeding pro se, it must be construed liberally. <u>Resnick v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000). In doing so, the court "need not give a plaintiff the benefit of every conceivable doubt" but "is required only to draw every reasonable or warranted factual inference in the plaintiff's favor." <u>McKinney v. De Bord</u>, 507 F.2d 501, 504 (9th Cir. 1974). The court "should use common sense in interpreting the frequently diffuse pleadings of pro se complainants." <u>Id</u>. But pro se parties must still abide by the rules of the court in which they litigate. <u>Carter v. Comm'r of Internal Revenue</u>, 784 F.2d 1006, 1008 (9th Cir. 1986).

A pro se complaint should not be dismissed unless the court finds it "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Haines v. Kerner,</u> 404 U.S. 519, 521 (1972).

## III. DISCUSSION

Defendants argue that all of Plaintiff's current causes of action are barred either by res judicata or collateral estoppel. They are correct.

### A. Governing Authority

California preclusion doctrines apply to this diversity action. <u>Costantini v. Trans World Airlines</u>, 681 F.2d 1199, 1201 (9th Cir. 1982) ("[A] federal court sitting in diversity must apply the res judicata law of the state in which it sits."); <u>Jacobs v. CBS Broad., Inc.</u>, 291 F.3d 1173, 1177 (9th Cir. 2002) (applying the forum state's collateral estoppel rules in a diversity case).

In California, res judicata - or claim preclusion - "applies if (1) the decision in the prior proceeding is final and on the merits; (2) the present proceeding is on the same cause of action as

the prior proceeding; and (3) the parties in the present proceeding or parties in privity with them were parties to the prior proceeding." <u>Fed'n of Hillside & Canyon Ass'ns v. City of Los Angeles</u>, 126 Cal. App. 4th 1180, 1202 (2004); <u>accord</u> <u>DKN Holdings LLC v. Faerber</u>, 61 Cal. 4th 813, 824 (2015). "If claim preclusion is established, it operates to bar relitigation of the claim altogether." <u>DKN Holdings</u>, 61 Cal. 4th at 824. "Res judicata bars the litigation not only of issues that were actually litigated but also issues that could have been litigated." <u>Fed'n of Hillside & Canyon Ass'ns</u>, 126 Cal. App. 4th at 1202.

For the second element of res judicata, "[t]wo proceedings are on the same cause of action if they are based on the same 'primary right.'" <u>Id</u>. That is, "[t]he plaintiff's primary right is the right to be free from a particular injury, regardless of the legal theory on which liability for the injury is based." <u>Id</u>. "The scope of the primary right therefore depends on how the injury is defined." <u>Id</u>.

Collateral estoppel, or issue preclusion, "prohibits the relitigation of issues argued and decided in a previous case, even if the second suit raises different causes of action." <u>DKN Holdings</u>, 61 Cal. 4th at 824. It applies "(1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party." <u>Id</u>. at 825.

**B.    Application**

Several observations about the instant Complaint demonstrate why the causes of action are barred by res judicata and collateral estoppel.

First, both <u>Neal I</u> and <u>Neal II</u> ended in dismissals without leave to amend. Dkt. Nos. 22, 39 in <u>Neal I</u>; Dkt. No. 52 in <u>Neal II</u>. These adjudications were final decisions on the merits. <u>See</u> <u>Colodney v. Orr</u>, No. EDCV 14-1973-VAP (SPx), 2015 WL 1636818, at *5 (C.D. Cal. Apr. 9, 2015) (dismissal without leave to amend is a final judgment on the merits); <u>see also</u> <u>Nnachi v. City of San Francisco</u>, No. C 10-0714 MEJ, 2010 WL 3398545, at *5 (N.D. Cal. Aug. 27, 2010) ("Dismissal of an action with prejudice, or without leave to amend, is considered a final judgment on the merits."); <u>see also</u> <u>Franklin & Franklin v. 7-Eleven Owners for Fair Franchising</u>, 85 Cal.

App. 4th 1168, 1174 (2000) ("[I]n California the rule is that the finality required to invoke the preclusive bar of res judicata is not achieved until an appeal from the trial court judgment has been exhausted or the time to appeal has expired.").

Second, the parties to this case - Plaintiff, U.S. Bank and Select Portfolio Servicing - are exactly the same as the ones involved in <u>Neal II</u>. As to <u>Neal I</u>, there is one difference in parties, since here U.S. Bank is sued as trustee whereas in <u>Neal I</u> it was Bank of America sued as trustee. The court previously found, however, that this distinction makes no difference since U.S. Bank and Bank of America are in privity. Dkt. No. 52 in <u>Neal II</u>, at 5:22-6:2 (explaining that U.S. Bank and Bank of America have an identity of interest because they were both alleged to be the trustee for the same securitized trust).

Third, the causes of action in the Complaint are either identical to those asserted in <u>Neal I</u> and <u>Neal II</u>, or involve issues decided in those cases:

- The cause of action entitled "interference with contractual relations" is based on the allegation that neither U.S. Bank nor Select Portfolio Servicing can enforce the DOT. The court determined the same claim based on the same allegation against Plaintiff in <u>Neal II</u>. Dkt. No. 52 in <u>Neal II</u>, at 6:8-8:4. The court also determined the issue of the trustee's standing in relation to the DOT in <u>Neal I</u>, which issue is embraced by the new version of Plaintiff's contractual interference claim. Dkt. No. 22 in <u>Neal I</u>, at 4:12-5:12; Dkt. No. 39 in <u>Neal I</u>, at 5:9-7:11.

- For the second cause of action asserting "void links of contractual assignments," Plaintiff alleges Defendants "clearly and convincingly cannot show proper receipt, possession, transfer, negotiation and ownership of the Plaintiff's original promissory note and Deed of Trust, resulting in an imperfect lien and interest claim." To the extent such a claim exists, it is plainly a rehash of the first and second causes of action brought by Plaintiff in each of the Complaints filed in <u>Neal I</u> and <u>Neal II</u>. In terms of the preclusion doctrines, the "void links" cause of action is at most based on an "identical issue" already decided, or at least based on a

primary right the court has previously examined and determined against Plaintiff.

- Plaintiff alleges in the third cause of action for "void recordation of foreclosure documents" that Defendants recorded "robodocs" against the Calco Creek property, which he contends are "not only unlawful but malicious" because Defendants allegedly know they cannot enforce the DOT. In <u>Neal I</u>, Plaintiff brought a cause of action for quiet title based partly on a similar allegation of "robo-signing." He alleged in <u>Neal I</u> that the assignment of the DOT from JP Morgan Chase to Bank of America was "deceptive and fraudulent" and done without legal authority, rendering any foreclosure proceedings void. The court determined that theory was ineffective. The similarity between the "void recordation" cause of action and <u>Neal I's</u> "robosigning" allegation demonstrates that Plaintiff was aware of this issue and could have raised it in either <u>Neal I</u> or <u>Neal II</u>. "Void recordation," therefore is something "that could have been litigated" previously. <u>Fed'n of Hillside & Canyon Ass'ns</u>, 126 Cal. App. 4th at 1202.

- The primary issue raised in the fourth cause of action for "Declaratory Relief on the Purchase and Assumption Agreement" is whether JP Morgan Chase is the valid successor of Washington Mutual. This issue was also raised in <u>Neal I</u> under quiet title and declaratory relief causes of action, and was decided by the court. Dkt. No. 39 in <u>Neal I</u>, at 6:2-24; 11:14-27.

- The fifth and sixth causes of action are for intentional misrepresentation and constructive fraud. They also include mentions of the Unfair Competition Law, California Business and Professions Code § 17200. In essence, Plaintiff alleges in these causes of action that Defendants utilized fraudulent documents to enforce the DOT. Different forms of this exact allegation were addressed and rejected in both <u>Neal I</u> and <u>Neal II</u>. Dkt. No. 39 in Neal I, at 13:12-14:6; Dkt. No. 52 in Neal II, at 8:5-9:9.

As the above analysis demonstrates, Plaintiff cannot proceed with this Complaint due to

the operation of preclusion doctrines. And there is no basis to find that any cause of action can be saved by amendment. Indeed, this is the third case over the same DOT, the same property, and the same alleged deficiencies, and this order is the fourth one addressing a motion to dismiss challenging the various iterations of Plaintiff's perpetually inadequate theories. Accordingly, all of the causes of action will be dismissed without leave to amend because permitting further amendment would be futile. See Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1129-30 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile"); see also Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008) (holding that dismissal without leave to amend is appropriate for "failure to cure deficiencies by amendments previously allowed").

## IV.   ORDER

Defendants' Motion to Dismiss (Dkt. No. 12) is GRANTED. All causes of action are DISMISSED WITHOUT LEAVE TO AMEND. The hearing scheduled for February 22, 2018, is VACATED.

Judgment will be entered in favor of Defendants, and the Clerk shall close this file.

Plaintiff is advised to refrain from initiating any additional litigation that is duplicative of cases previously dismissed. Such further litigation could be determined frivolous and meritless at this point, and may subject Plaintiff to sanctions under Federal Rule of Civil Procedure 11 or a pre-filing order pursuant to 28 U.S.C. § 1651.


**IT IS SO ORDERED.**

Dated:  February 15, 2018

_____
EDWARD J. DAVILA
United States District Judge